NO. 07-07-0465-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D
Â 
DECEMBER 31, 2007
______________________________

SAUL MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414170; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant Saul Mendez filed a notice of appeal from his conviction for murder on
November 14, 2007.


 On October 23, 2007, the trial court filed its certification representing
that appellant has the right of appeal. However, the appellate record reflects that appellant
failed to sign the certification pursuant to Texas Rule of Appellate Procedure 25.2(d) which
requires the certification to be signed by appellant and a copy served on him.
Â 
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeal and remand the cause to the 364th District Court
of Lubbock County (trial court) for further proceedings. On remand, the trial court shall
utilize whatever means it finds necessary to determine whether appellant desires to
prosecute the appeal and if so, to obtain his signature on an amended trial courtâs
certification.
Â Â Â Â Â Â Â Â Â Â Â Â If necessary, the trial court shall execute findings of fact, conclusions of law, and
any necessary orders it may enter regarding the aforementioned issues and cause its
findings, conclusions, and orders, if any, to be included in a supplemental clerkâs record. 
The trial court shall file the supplemental clerkâs record and the supplemental reporterâs
record, if any, with the Clerk of this Court by January 31, 2008. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish. 



ption Locked="false" Priority="67" Name="Medium Grid 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0011-CR

Â 

IN THE COURT OF
APPEALS

Â 

FOR THE SEVENTH
DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL B

Â 

FEBRUARY 18, 2010

____________________________

Â 

GARY RAY INCE A/K/A
GARY SIRMONS, APPELLANT

Â 

V. 

Â 

THE STATE OF TEXAS,
APPELLEE

____________________________

Â 

FROM THE 47TH  DISTRICT
COURT OF POTTER COUNTY;

NO. 57,375-A;
HONORABLE RICHARD DAMBOLD, JUDGE

___________________________

Â 

Â 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant, Gary Ray Ince,
appeals his conviction for the offense of murder and sentence, enhanced by a
prior felony conviction, of 15 years incarceration in
the Institutional Division of the Texas Department of Criminal Justice.Â  We affirm.

Background

Â Â Â Â Â Â Â Â Â Â Â  On
August 16, 2007, appellant and Wayne Harvel Talbert
were alone together in appellantÂs garage residence.Â  During the evening, Talbert was shot in the
head and died.Â  AppellantÂs and the
StateÂs theories of the events leading to TalbertÂs death vary greatly and will
be addressed in analysis of appellantÂs appellate issues.

Â Â Â Â Â Â Â Â Â Â Â  By
four issues, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction for the offense of murder.Â  As applicable to the offense for which
appellant was tried, a person commits the offense of murder if he intentionally
or knowingly causes the death of an individual.Â 
Tex. Penal Code Ann. Â§
19.02(b)(1) (Vernon 2003); Hall v. State, 137
S.W.3d 847, 852 (Tex.App.--Houston[1st
Dist.] 2004, pet. refÂd).Â  AppellantÂs issues specifically challenge the
intentional or knowing element and the causation element.Â  However, appellantÂs argument does not
isolate how the evidence was insufficient to prove these elements.Â  Rather, appellantÂs argument simply contends
that the evidence was legally and factually insufficient to support his
conviction.Â  As such, we will combine our
analysis of appellantÂs issues to determine whether the evidence was legally
sufficient to support his conviction and, if so, whether the evidence was
factually sufficient to support his conviction.Â 


As appellant
challenges both the legal and factual sufficiency of the evidence, we are
required to conduct an analysis of the legal sufficiency of the evidence first
and, then, only if we find the evidence to be legally sufficient, do we analyze
the factual sufficiency of the evidence.Â 
See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996).

Legal Sufficiency

Â Â Â Â Â Â Â Â Â Â Â  In
assessing the legal sufficiency of the evidence, we review all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.Â  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex.Crim.App. 2004).Â  In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the
juryÂs verdict unless it is irrational or unsupported by more than a mere
modicum of evidence.Â  Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).Â  Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  In
the present case, it is undisputed that, when Talbert was shot, only appellant
and Talbert were present.Â  Further, there
was testimony presented that appellant suspected that Talbert had previously stolen
some of appellantÂs property.Â  The people
that discovered Talbert after he had been shot testified that it appeared that
he had been Âbeat up,Â which leads to a reasonable inference that appellant and
Talbert had been in a physical altercation prior to Talbert being shot.Â  Blood splatter evidence suggested that
Talbert was sitting on appellantÂs bed at the time that he was shot and
evidence of the trajectory of the bullet suggests that the gun was being fired
by someone in a standing position.Â 
Additionally, evidence of where the gun was found and the fact that
there were no fingerprints on the gun allow a reasonable inference that
appellant took the time to clean and conceal the gun after Talbert was
shot.Â  After considering all of the
evidence presented in the light most favorable to the verdict, we cannot say
that the jury acted irrationally in finding beyond a reasonable doubt that
appellant intentionally or knowingly caused the death of Talbert.Â  As such, we overrule appellantÂs first and
third issues.

Â 

Factual Sufficiency

Â Â Â Â Â Â Â Â Â Â Â  When
an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt.Â 
See Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006).Â 
In performing a factual sufficiency review, we must give deference to
the fact finderÂs determinations if supported by evidence and may not order a
new trial simply because we may disagree with the verdict.Â  See id. at
417.Â  As an appellate court, we are not
justified in ordering a new trial unless there is some objective basis in the
record demonstrating that the great weight and preponderance of the evidence
contradicts the juryÂs verdict.Â  See
id.Â  Additionally, an appellate
opinion addressing factual sufficiency must include a discussion of the most
important evidence that appellant claims undermines
the juryÂs verdict.Â  Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.
2003).Â  However, when a
defendantÂs version of the facts conflicts with other evidence, it is the
juryÂs prerogative to judge the credibility of the evidence and to ascribe the
weight to be given to the evidence.Â  Jones v. State, 944 S.W.2d 642, 647-48 (Tex.Crim.App.
1996).Â  

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
factual sufficiency challenge is predicated on his version of the facts,
specifically, his contention that Talbert being shot was an accident.Â  While appellant testified that he did not remember
how Talbert was shot, appellantÂs defensive theory was that he tripped while
retrieving the gun, dropped the gun, and the gun fired when it struck the
ground.Â  AppellantÂs defensive theory was
not directly precluded by the evidence.[1]Â  However, the evidence addressed above is
sufficient to allow reasonable minds to differ as to whether appellant
intentionally shot and killed Talbert.Â 
It is the juryÂs prerogative to resolve inconsistencies in the evidence.Â  See id.Â  That appellant presented a plausible version
of the event that differed from the version presented by the State does not
render the evidence insufficient.Â  See
Anderson v. State, 701 S.W.2d 868, 872 (Tex.Crim.App. 1985).Â 
After considering all the evidence in a neutral light, we conclude that the
jury was rationally justified in finding appellant guilty of murder beyond a
reasonable doubt.Â  As such, we overrule
appellantÂs second and fourth issues.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having
overruled each of appellantÂs issues, we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Do not publish.Â  

Â 

Â 

Â 











[1]
While the evidence
suggests that Talbert was sitting on the bed and was shot by someone in a
standing position, the pathologist expert did opine that it is possible that
the gunshot wound could have been the result of the gun discharging after
having been dropped, firing, and the bullet striking Talbert as he was looking
down.Â  Further, that the gun had a defect
that would allow it to fire when the back of the hammer was struck directly
with a significant force was also confirmed by the evidence.Â  While appellantÂs defensive theory is not
precluded by the evidence, we must remain mindful that the factual
determinations of how Talbert was shot were for the jury to decide.